SNYDER v. DE FOREST WIRELESS TELEGRAPH CO. et al.

(Supreme Court, Appellate Division, First Department.  June 15, 1906.)

1. DISCOVERY—INSPECTION OF DOCUMENTS—EXTENT.

In a suit by a stockholder to set aside a transfer of the right to use the corporation's franchises, assets, and profits to another corporation for 99 years at a nominal rental of not to exceed $500 a year, alleged to be in fraud of plaintiff and other stockholders, plaintiff was entitled to an inspection of the documents of the corporation constituting the evidence of the transfer, and of the minute books showing the proceedings of the corporation resulting in such transfer, in order to prepare for trial, but was not entitled to examine generally the corporation's books of accounts on a mere statement that all of such books contained entries material to the proof of his case, unaccompanied by a statement that plaintiff had positive knowledge of such fact and the sources and grounds thereof.

2. SAME—INDIVIDUALS.

Where it appeared that one of the defendants in a suit to set aside a transfer of the right to use a corporation's franchises, etc., was not an officer or director of the corporation, an order for inspection of the corporation's records, in order to enable plaintiff to prepare for trial, should not have been made as against him.

Ingraham and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Henry B. Snyder against the De Forest Wireless Telegraph Company and others.  From an order granting discovery, defendants appeal.  Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John J. Adams, for appellant.
Roger Foster, for respondent.

PATTERSON, J.  This is an appeal from an order granting an inspection of books and papers.  The order is very broad and sweeping in its terms and requirements; more so, we think, than can be sustained upon the papers on which the court below acted.  The plaintiff is a stockholder, owning 27,000 shares of the capital stock of the De Forest Wireless Telegraph Company.  He sued in his own right, and on behalf of other stockholders of that company who might come in and contribute to the expenses of the action, primarily to set aside a transfer or grant purporting to have been executed in the name of the De Forest Wireless Telegraph Company on January 4, 1904, by which were transferred to the American De Forest Wireless Telegraph Company the right to use "the franchises and the assets and profits" of the De Forest Wireless Telegraph Company for the period of 99 years from the 1st day of January, 1904, at a nominal rental of no more than $500 a year.  It is alleged in the petition and in the complaint that the De Forest Wireless Telegraph Company was organized in 1902 for the purpose of permitting and rendering useful and practical to the public a method and system of wireless telegraphy, and on January 4, 1904, was the sole owner and absolutely controlled and operated a large number of claims for letters patents of the United States for such purposes; that that

company issued to subscribers and sold a large part of its stock, and had begun the introduction into general use of the system of wireless telegraphy which it then controlled, which system and patents were of great value; that on January 4, 1904, a paper was executed by the De Forest Wireless Telegraph Company to the American De Forest Wireless Telegraph Company of the character above mentioned, and that in the transfer were included all the letters patent and inventions owned by the De Forest Wireless Telegraph Company. It is claimed that this transfer was made in fraud; that the American De Forest Wireless Telegraph Company has taken possession of and used all the property of the De Forest Wireless Telegraph Company, and has sold, and threatens unless enjoined to continue to sell, its stock. A series of complicated transactions is set forth in the petition between various parties therein mentioned who are made defendants in the action, but it is not necessary to refer particularly to those transactions. It is alleged in the petition that the plaintiff is not in possession of any of the books and papers which will show the transaction between the De Forest Wireless Telegraph Company and the American De Forest Wireless Telegraph Company, but that the books and papers of the De Forest Wireless Telegraph Company are in the possession of the American De Forest Wireless Telegraph Company, and under the control of its officers, and contain entries of such transactions, and an inspection is asked of the documents constituting the alleged transfer, of the minute books containing the resolutions of the directors or stockholders of the De Forest Wireless Telegraph Company relating to such transfer; and also of the ledgers, journals, cashbook, and books of account, check stubs, and letter books of the De Forest Wireless Telegraph Company, each of which is said to contain entries concerning the matter as to which the petitioner seeks a discovery and inspection. It is alleged in the petition that one Butler is the treasurer of the De Forest Wireless Telegraph Company, and that he has possession of and control of all the books, etc.; that Charles Galbraith is the vice president of the De Forest Wireless Telegraph Company, and in the absence of the president of the company from the state he is acting president thereof, and he has control and possession of all the papers, minutes, check stubs, and other books and documents of the De Forest Wireless Telegraph Company; that that company has an office in the city of New York, and that the office of the American De Forest Wireless Telegraph Company is in the same room; that both of said corporations are foreign corporations, having a nominal office in the state of Maine, and that all transfers of the corporate stock are made in the city of New York. The order appealed from requires Butler and Galbraith to produce the books and papers of the De Forest Wireless Telegraph Company.

It is sufficiently made to appear that Butler is not an officer or director of the company, and the order should therefore be reversed as to him individually. Mr. Galbraith does not deny that he is the vice president of the De Forest Wireless Telegraph Company. He only says that he has not acted as such for about a year. There is nothing in the affidavits produced in opposition to the motion which shows that the books and papers are not in the city of New York. That they were in the city

is not denied, and there is no presumption to be indulged in that they have been removed, and there is a fair inference that they are under the control of Galbraith as vice president of the De Forest Wireless Telegraph Company.

We are of the opinion that the plaintiff has shown himself entitled to an inspection of the contracts or transfers and of the resolutions of the directors and stockholders of the De Forest Wireless Telegraph Company relating to the transfer of its patents, rights, and assets to the American De Forest Wireless Telegraph Company. In the affidavits used in opposition to the motion the affiants are very careful to avoid denying that a transfer of the patents, patent rights, and assets of the De Forest Wireless Telegraph Company was made to the American De Forest Wireless Telegraph Company. All that those affidavits state is that a transfer upon the terms of $500 a year was not made. They simply deny that a transaction of that character was made. We think it is necessary for the plaintiff to have an inspection of the documents constituing the evidence of the transfer and of the minute books of the corporation, in order that he may prepare for trial. But it does not follow that he is entitled to an inspection of all the books of the De Forest Wireless Telegraph Company, even for the purposes of an accounting. He is claiming now as a litigant, and not in the right of a stockholder as such to examine the books of the corporation. He has not sufficiently shown in what books of the corporation material entries are to be found, but only makes a broad and sweeping allegation that all of the books contain material entries. It was incumbent upon him to show what specific books contain entries which it is necessary for him to see before he can proceed to trial. The mere statement that all the books of the corporation contain entries material to the proof of his case is in its nature speculative, and, unless it is accompanied by a statement that the petitioner has positive knowledge of that fact, and the sources or grounds of his knowledge are disclosed, it is valueless. Otherwise, a corporation might be compelled upon an unsupported allegation to open all its books to a general inspection and roaming examination. Nor do we consider that the petition and affidavits of the plaintiff sufficiently disclose a present necessity for the examination of the De Forest Wireless Telegraph Company's books of account.

The order should be modified by limiting the inspection and discovery to the contracts or transfers and to the minute books of the directors' and stockholders' meetings of the corporation at which resolutions were passed relating to such transfers. As modified, the order should be affirmed, with $10 costs and disbursements to the appellants.

O'BRIEN, P. J., and CLARKE, J., concur.

INGRAHAM, J. I dissent. The defendant is a foreign corporation, and there is no evidence that the books and papers of which a discovery is sought are within this state, or that the defendant has the power to produce them.

LAUGHLIN, J. concurs.